IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TYRONE HURT and
THE AMERICAN PEOPLE OF THE
UNITED STATES OF AMERICA,

                                                                     ORDER

                Plaintiffs,

  v.                                                     12-cv-939-bbc

WADE MICHAEL PAIGE,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TYRONE HURT,

                                                           ORDER

                Plaintiff,

  v.                                                     13-cv-33-bbc

D.C. GOVERNMENT, et al. and
CORPORATION COUNCIL OFFICE, et al.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On February 15, 2013, I dismissed plaintiff Tyrone Hurt's complaints for failure to state a claim upon which relief may be granted. Now plaintiff has filed a notice of appeal in each case. He includes requests for leave to proceed <u>in forma pauperis</u> on appeal.

       A district court has authority to deny a request for leave to proceed <u>in forma pauperis</u> under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is taken in bad faith or the litigant

is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). Plaintiff's requests for leave to proceed in forma pauperis on appeal will be denied, because I am certifying that his appeals are not taken in good faith.

In Lucien v. Roegner, 682 F.2d 625, 626 (7th Cir. 1982), the court of appeals instructed district courts to find bad faith in cases in which a plaintiff is appealing the same claims the court found to be without legal merit. Lee v. Clinton, 209 F.3d 1025, 1027 (7th Cir. 2000). Plaintiff is trying to appeal the same claims on which I denied him leave to proceed. Because there is no legally meritorious basis for plaintiff's appeals, I must certify that the appeals are not taken in good faith.

Because I am certifying plaintiff's appeals as not having been taken in good faith, he cannot proceed with his appeals without prepaying the $455 filing fee for each appeal unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, plaintiff has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. With his motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Plaintiff should be aware that he must file these documents in addition to the notice of appeals he has filed previously.

Finally, in his notices of appeal, plaintiff requests assistance in the recruitment of counsel. Plaintiff's requests for assistance in recruiting counsel on appeal are not properly raised in this court. If he wishes to be appointed counsel on appeal, he will have to make his

requests directly to the Court of Appeals for the Seventh Circuit.

ORDER

IT IS ORDERED that

1. Plaintiff Tyrone Hurt's requests for leave to proceed in forma pauperis on his appeals are DENIED. I certify that his appeals are not taken in good faith. The clerk of court is directed to insure that plaintiff's obligation to pay the $455 fee for filing each appeal is reflected in the court's financial records.

2. Plaintiff's requests for assistance in recruiting counsel on appeal are DENIED without prejudice to his refiling them with the Court of Appeals.

Entered this 26th day of February, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge